367 F.2d 554
 HAMILTON NATIONAL BANK OF CHATTANOOGA, Executor of Estate of W. R. Long, Deceased, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
HAMILTON NATIONAL BANK OF CHATTANOOGA, Executor of Estate of W. R. Long, Deceased, Plaintiff, Cross-Appellant,
v.
UNITED STATES of America, Defendant, Cross-Appellee.
 No. 16612.
 No. 16613.
 United States Court of Appeals Sixth Circuit.
 October 28, 1966.
 
 Myron C. Baum, Department of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, David I. Granger, Attorneys, Department of Justice, Washington, D. C., on brief; John H. Reddy, U. S. Atty., Charles J. Gearhiser, Asst. U. S. Atty., Chattanooga, Tenn., of counsel, for United States.
 Sizer Chambliss, and Hunter D. Heggie, Chattanooga, Tenn., Stophel, Caldwell & Heggie, Chattanooga, Tenn., of counsel, for Hamilton Nat. Bank.
 Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and THORNTON, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This case involves questions of federal estate taxation. The decedent in his will created a trust whereby the income therefrom was given to his son for life, and upon the son's death one-fourth of the remainder was given to charities if the son died without issue. The other three-fourths of the remainder was given to the charities outright.
 
 
 2
 Two issues were presented. The first one was as to the life expectancy of the son who died without issue within two years from the date of his father's death. Determination of this issue was important because it affected the value of the charitable remainder. The second issue was whether the possibility of the son's having issue was so remote as to be negligible. If it was, then the estate was entitled to a charitable deduction for the one-fourth interest.
 
 
 3
 The case was tried before a jury in the District Court, which made special findings that the son's life expectancy was ten years and that the possibility of his having issue was so remote as to be negligible.
 
 
 4
 The Government contends that these special findings were not supported by substantial evidence; that the trial judge should have determined both issues as a matter of law; and that the Court erred in not directing a verdict in its favor. No question was raised as to the Court's instructions to the jury.
 
 
 5
 Upon consideration of the record, we are of the opinion that there was sufficient evidence to require submission of the factual issues to the jury, and that the Court did not err in denying the Government's motions for a directed verdict and for judgment notwithstanding the verdict. This evidence was substantial and was detailed in the well considered opinion of District Judge Wilson, rendered upon the Government's motion for judgment notwithstanding the verdict. We find no merit in the cross-appeal.
 
 
 6
 The judgment of the District Court is affirmed in both cases on Judge Wilson's opinion.
 
 
 
 Notes:
 
 
 *
 Honorable Thomas P. Thornton, Senior Judge, United States District Court, Eastern District of Michigan, sitting by designation